**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-6564**

———————

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

ROBERT C. EIGNER,

        Respondent - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:06-hc-02221-BR)

———————

Submitted: April 15, 2009        Decided: May 19, 2009

———————

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, David T. Huband, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert C. Eigner appeals the district court's April 7, 2008, finding, following a hearing, that he continues to meet the criteria for commitment to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 (2006). Specifically, the district court determined that Eigner continues to suffer from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

The evidence before the district court included the unanimous documented opinions of three mental health experts, the findings of the FMC Butner Risk Assessment Panel, and the testimony of Dr. Tabrizi, a court-appointed independent medical examiner, that Eigner suffers from Schizophrenia, and that, as a result of his mental disease or defect, his unconditional release would create a substantial risk of bodily injury to another person or damage to property of another. The bases relied upon by the expert opinions included Eigner's extensive history of mental illness, his lack of insight into his illness and his need for treatment, and his substantial criminal record. We find no clear error in the district court's finding. See United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). Nor do we find any merit to Eigner's challenges to the contents of

the reports upon which the district court based its determination, or to the effectiveness of his attorney.

Accordingly, we affirm the district court's order continuing commitment under 18 U.S.C. § 4246. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED